UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

EDWARD GARCIA,

        Defendant.

Case No.  CR03-125L

ORDER GRANTING MOTION TO
COMPEL

This matter comes before the Court on remand from the Ninth Circuit Court of Appeals, which vacated defendant's conviction, on plea of guilty, to being a felon in possession of a firearm and possessing a firearm with an obliterated serial number.  Before his guilty plea, defendant submitted a "Motion to Reopen to Compel Disclosure of Informants" (Dkt. # 37). The motion had not been ruled on by the time the guilty plea had been entered.  On August 1, 2005, defendant requested that the Court rule on the motion in light of defendant's withdrawal of his guilty plea.  For the reasons set forth below, the motion is granted.

## I.  BACKGROUND

Defendant is charged in a four-count indictment with manufacture of methamphetamine, possession of a firearm in furtherance of a drug trafficking offense, felon in possession of a firearm, and possession of a firearm with an obliterated serial number.  The charges stem from the September 6, 2002 search of the home of Carol Coley in Renton, Washington.  Defendant is

ORDER GRANTING MOTION TO
COMPEL

1  alleged to have been staying with Ms. Coley at the time.  During the search, the officers

2  recovered three shotguns and miscellaneous components used in the manufacture of

3  methamphetamine.  Authorities found some of the evidence relating to methamphetamine

4  manufacturing in the basement where, the government asserts, defendant was residing.

5        The search warrant was based on information from two confidential informants.  The first

6  informant asserted that defendant routinely manufactured methamphetamine at the residence and

7  described the method by which defendant made methamphetamine.  The informant said that

8  defendant would answer the door with a loaded shotgun and had several other guns in his

9  possession.  A second independent informant indicated that defendant sold methamphetamine

10 from the residence.  The second informant corroborated the manner in which defendant made

11 the methamphetamine and that defendant had a shotgun.

12       Defendant was originally charged with being a felon in possession of a firearm and

13 possession of a firearm with an obliterated serial number.  On June 26, 2003, defendant filed a

14 motion to compel the disclosure of confidential informants.  Dkt. # 24.  The Court denied the

15 motion, holding that "[n]either of the informants were present during the execution of the search

16 warrant, and Garcia is not currently being prosecuted for any offense for which the informants

17 were percipient witnesses."  Dkt. # 29 at p. 7.  On July 17, 2003, the government filed a

18 superceding indictment that added counts of manufacturing of methamphetamine and possession

19 of a firearm in furtherance of drug trafficking.  Defendant, in turn, filed this motion, arguing that

20 the superceding indictment required disclosure because the two confidential informants are

21 "truly transactional witnesses to the manufacturing of methamphetamine charge."  In addition,

22 defendant argued that the confidential informants' testimony would buttress allegations provided

23 by the government's witness, Carol Coley, that defendant manufactured methamphetamine at the

24 residence.  Even though the informants' testimony may not be exculpatory, defendant argues

25 that they are nevertheless witnesses "to the substantive charges and thus their identities should

26 be disclosed."  Dkt. # 37 at p. 3.

ORDER GRANTING MOTION TO
COMPEL

**II.  DISCUSSION**

The government has a limited privilege to withhold the identity of confidential informants.  See U.S. v. Sai Keung Wong, 886 F.2d 252, 255 (9th Cir. 1989); citing Roviaro v. U.S., 353 U.S. 53, 59 (1957).  The privilege disappears if a defendant shows that disclosure is "relevant and helpful to the defense of the accused, or is essential to a fair determination of a cause."  Id. at 60-61.  The Court must weigh the defendant's interest in disclosure against "the government's interest in protecting the identity of a particular informant."  U.S. v. Spires, 3 F.3d 1234, 1238 (9th Cir. 1993).  The defendant carries the burden of demonstrating the need for disclosure.  See U.S. v. Fixen, 780 F.2d 1434, 1439 (9th Cir. 1989).  A defendant must show more than a "mere suspicion" that the information will prove "relevant and helpful" or essential to a fair determination.  U.S. v. Williams, 898 F.2d 1400, 1402 (9th Cir. 1990).

Defendant's burden has been lightened somewhat here because the government has not asserted any specific interest in protecting the identity of the informants.  Instead, the government opposes the disclosure based on the relevance of the informants' testimony.  As the government concedes, however, the informants claim to have "witnessed the defendant's manufacturing methamphetamine and selling methamphetamine."  Dkt. # 75 at p. 3.  Defendant argues that Carol Coley, the owner of the residence, is the only witness who will testify that defendant manufactured methamphetamine in the residence.  He argues that the confidential informants may shed light on the credibility of her testimony.  There is little doubt that undermining Ms. Coley's credibility will likely be a cornerstone of the defense.  Although the connection between Ms. Coley and the informants seems tenuous, the government has not asserted any harm that may arise from disclosing their identities.  Under the circumstances, defendant has, if barely, met his burden and is entitled to information regarding the informants' identities.

**III.  CONCLUSION**

For all of the foregoing reasons, defendant's "Motion to Reopen to Compel Disclosure of

ORDER GRANTING MOTION TO
COMPEL

1  Informants" (Dkt. # 37) is GRANTED.  The government must provide the requested information

2  within ten days of the date of this Order.

3

4        DATED this 2nd day of September, 2005.

5

6

7                                    Robert S. Lasnik
                                     United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING MOTION TO
COMPEL